**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____1:20-cv-01206_____

SCOTT M. RUNYON, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

EVERQUOTE, INC.,

    Defendant.

---

## CLASS ACTION COMPLAINT

---

**NOW COMES** SCOTT M. RUNYON, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of Defendant, EVERQUOTE, INC., as follows:

### NATURE OF THE ACTION

1.    This action is seeking redress for violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and invasion of privacy by seclusion.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1334.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.      SCOTT M. RUNYON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Littleton, Colorado.

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      EVERQUOTE, INC. ("Defendant") is an online insurance marketplace that provides lead generation services to insurance companies nationwide.

8.      Defendant maintains its principal place of business in Cambridge, Massachusetts.

9.      Defendant conducts business in the State of Colorado and is registered with Colorado Secretary of State.

10.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

11.      Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

12.      Upon information and belief, Defendant utilizes third party vendors to market its services.

13.      Upon information and belief, Defendant's vendors are essential to their telemarketing activities.

14.      Upon information and belief, Defendant's ability to increase revenue depends significantly on its access to high-quality vendors.

15.      Defendant is subject to liability under the TCPA for actions of its third party vendors who are engaging in outbound telemarketing efforts on its behalf.

2

16.     Defendant's third party vendors identify themselves as representatives of "EverQuote."

17.     Upon information and belief, Defendant's outbound telemarketing efforts include the use of an automated telephone dialing system ("ATDS") to solicit consumers nationwide.

18.     The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

19.     The technology employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

20.     An ATDS allows Defendant's telemarketing agents to only communicate with consumers who answer their phone.

21.     Consequently, Defendant shifts the burden of wasted time to consumers with unsolicited calls and messages.

## FACTUAL ALLEGATIONS

22.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 8898.

23.     At all times relevant, Plaintiff's number ending in 8898 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

24.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

3

25.     Years ago (less than four years), Plaintiff was on the market for automobile insurance and may have submitted his contact information to an insurance broker (not Defendant) that was assisting Plaintiff in securing automobile insurance.

26.     Shortly thereafter, Defendant began placing sales calls to Plaintiff's cellular phone.

27.     Plaintiff answered Defendant's calls on numerous occasions and advised Defendant that he already secured automobile insurance coverage and requested that Defendant cease the sales calls. Specifically, Plaintiff told Defendant to "lose my number."

28.     During each answered call, Plaintiff experienced a lengthy pause prior to being connected to a representative of Defendant.

29.     Despite Plaintiff's request that the calls cease, Defendant continued placing sales calls to Plaintiff cellular phone.

30.     Defendant's sales calls came from various numbers, including (800) 928-8914.

31.     In total, Plaintiff received dozens of sales calls from Defendant after he requested that the calls cease.

32.     At no time did Plaintiff provide Defendant with express written consent to place calls to his cellular phone.

33.     Defendant's unsolicited telemarketing phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited telemarketing phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular

4

phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

34.     Concerned with Defendant's intrusive conduct, Plaintiff retained counsel to compel Defendant to cease its sales calls.

## CLASS ALLEGATIONS

35.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the State of Colorado: (a) to whom Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency phone call(s); (b) promoting Defendant's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system; and (e) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

37.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly

execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

38.    The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

39.    Upon information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the Putative Class.

40.    Members of the Putative Class can be objectively identified from records of Defendant and any affiliated marketers/vendors to be gained in discovery.

**B.    Commonality and Predominance**

41.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.   Common questions for the Putative Class include, but are not necessarily limited to the following:

> A.    Whether Defendant used an "automatic telephone dialing system" as defined by the TCPA and applicable FCC regulations and orders.
>
> B.    Whether Defendant had prior express consent to contact Plaintiff and the members of the Putative Class when it placed, or caused to be placed phone calls to their cellular phones using an automatic telephone dialing system.

C. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the Putative Class are entitled to treble damages.

**C.     Typicality**

42.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

43.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44.    The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45.    By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

46.    Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

47.    Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48.    Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

49.    Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and Members of the Putative Class)**

50.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51.    Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

52.    Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

53.    "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

54.    The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes

---

[1] 47 C.F.R. §§ 64.1200(a)(2) and (3).

the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

55.     Defendant and/or a third party acting on Defendant's behalf placed or caused to be placed solicitation phone calls to Plaintiff's cellular telephone number ending in 8898 utilizing an ATDS without Plaintiff's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

56.     Upon information and belief, based on the noticeable pause Plaintiff experienced upon answering Defendant's phone calls, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

57.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the conspicuous delay before being connected to a live representative.

58.     Upon information and belief, the system employed by Defendant to place the calls to Plaintiff's cellular phone produced Plaintiff's telephone number using a random or sequential number generator as Plaintiff never provided his phone number to Defendant.

59.     Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular telephone has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

9

60.     Upon information and belief, Defendant has no database to maintain and update consumers' contact preferences and consent to call them.

61.     As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

62.     As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.     an order finding that Defendant violated the TCPA;

C.     an order enjoining Defendant from placing or causing to place further violating calls to consumers;

D.     an award  of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.     an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.     an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Invasion of Privacy by Seclusion**
**(Plaintiff's Individual Claim)**

63.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

64.     In Colorado, "to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person."  *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. App. 1998).

65.     This tort can encompass conduct such as persistent and unwanted telephone calls.  *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003).

66.     Defendant's relentless telephone calls to Plaintiff's cellular phone violated Plaintiff's right to privacy based on an intrusion upon his seclusion.

67.     Taking into account Plaintiff's multiple requests that Defendant cease its sales calls, Defendant's persistent and unwanted telephone calls would be highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated Plaintiff's right to privacy based on an intrusion upon his seclusion;

B.     an award of actual damages;

C.     an award of punitive damages; and

11

D.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


Dated: April 29, 2020                          Respectfully submitted,

                                               **SCOTT M. RUNYON**

                                               By: */s/ Mohammed O. Badwan*

                                               Mohammed O. Badwan, Esq.
                                               Joseph S. Davidson, Esq.
                                               Victor T. Metroff, Esq.
                                               Sulaiman Law Group, Ltd.
                                               *Counsel for Plaintiff*
                                               2500 South Highland Avenue
                                               Suite 200
                                               Lombard, Illinois 60148
                                               (630) 575-8180
                                               mbadwan@sulaimanlaw.com
                                               jdavidson@sulaimanlaw.com
                                               vmetroff@sulaimanlaw.com